**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PETER NAUMBURG,

    Plaintiff,

v.                                                      No. CV-03-0083 JB/WDS

COUNTY OF BERNALILLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on: (i) the Plaintiff's Motion for Summary Judgment, filed January 5, 2004 (Doc. 17); and (ii) the Defendant's Motion for Summary Judgment, filed January 5, 2004 (Doc. 18). The primary substantive issue is whether FCC regulations and a New Mexico statute preempt a local zoning regulation which allegedly does not "reasonably accommodate" amateur radio, but the procedural issues of mootness, ripeness, and advisory opinions present threshold issues. Because the Court finds that the Plaintiff's claims under the old ordinance either are moot or that a declaratory judgment would serve no useful purpose, and because the Plaintiff's claims under the new ordinance are not ripe, the Court will not render an advisory opinion on either issue. Accordingly, the Court will deny Plaintiff Peter Naumburg's motion for summary judgment, grant the Defendant County of Bernalillo's motion for summary judgment in part and deny it in part, dismiss Naumburg's claims with respect to the old ordinance with prejudice, and dismiss Naumburg's claims with respect to the new ordinance without prejudice.[1]

---

[1] The County has requested that all of the Plaintiff's claims be dismissed with prejudice. Because the Plaintiff is free to file another lawsuit requesting injunctive relief concerning the new ordinance, it is more appropriate to dismiss those claims without prejudice.

## BACKGROUND

Naumburg is a federally licensed amateur radio operator. <u>See</u> Affidavit of Peter Naumburg ¶ 3, at 1 (executed January 6, 2004). He has operated amateur radios for over 40 years. Radio amateurs ("hams") provide services to the public that the government and commercial operators do not and cannot provide. Naumburg participates in a variety of amateur radio activities, including but not limited to public service activities. <u>See</u> <u>id.</u> ¶ 4, at 1.

Naumburg's activities require a tower on which to mount his antennas. <u>See</u> <u>id.</u> ¶ 5, at 1. While he lived in Santa Fe, he had antennas on the roof of his home. <u>See</u> Deposition of Peter Naumburg at 23:3-14 (taken December 22, 2003). He currently lives in a residential neighborhood within the Northeast Heights of Albuquerque, in Bernalillo County. Naumburg's residence is within the zoning jurisdiction of Bernalillo County and located in an "A-1" zone: an agricultural and residential zone. <u>See</u> Naumburg Affidavit ¶¶ 7-8, at 1.

In the fall of 2002, Naumburg attempted to apply for a building permit for a radio antenna tower on his property. <u>See</u> <u>id.</u> ¶¶ 10, 15 at 2. Naumburg was prepared to submit plans showing that the proposed tower complied with all reasonable and lawful requirements for safety and setback. <u>See</u> <u>id.</u> ¶ 14, at 2. When Naumburg tried to submit his application, however, zoning officials did not permit him to file it. <u>See</u> <u>id.</u> ¶ 15, at 2. A zoning official told him that he would have to change the zoning of his residence to a commercial zone. <u>See</u> <u>id.</u> Naumburg states that it is unlikely the County would approve such re-zoning for a residential lot.

After zoning officials refused to accept his permit application, Naumburg erected an approximately 80 foot antenna tower on his residential lot. <u>See</u> <u>id.</u> ¶ 17, at 2. Naumburg believes that he should be able to build a tower of the height and size of his choosing at his home. Other

amateur radio operators within Bernalillo County do not have towers similar to the one constructed on Naumburg's property. See Naumburg Depo. at 50:8-25. There is, therefore, an issue whether the 80 foot tower on Naumburg's property is necessary for his amateur radio operations.

In this case, Naumburg contends that Bernalillo County has violated state and federal law by placing unreasonable requirements on a building permit for Naumburg's antenna tower. Naumburg's Complaint for Declaratory and Injunctive Relief, filed January 17, 2003 (Doc. 1)("Complaint"), contains two counts: one for declaratory judgment and one for injunctive relief. Neither Naumburg's motion for summary judgment nor his Complaint seeks damages or fees.

Naumburg filed a motion for summary judgment, contending that there exists no genuine issue of any material fact and that he is entitled to declaratory judgment as a matter of law. Specifically, Naumburg's motion for summary judgment asks this Court to declare that: (i) the County's construction of the old zoning ordinance is unlawful; and (ii) an amateur radio antenna tower is and should be deemed a permissive use in any zone where residential use is permitted. Naumburg also asks the Court to enjoin the County from imposing any requirements other than those that the New Mexico statute specifies. The County of Bernalillo also filed a motion for summary judgment.

After Naumburg filed his motion for summary judgment, the County of Bernalillo changed its ordinance with respect to amateur radio operation and towers for ham radios. On January 13, 2004, the Bernalillo County Commissioners amended and modified the County's zoning ordinance with respect to amateur radio operation. See Minutes of County Commission Meeting of January 13, 2004. The new ordinance provides that amateur radio operators may erect towers on their property within the County of Bernalillo up to 65 feet as a permissive use and up to 100 feet as a conditional use. See id. Presently, Naumburg has not met with any zoning personnel to determine

whether his 80 foot tower constitutes a conditional use of his property.  See Naumburg Depo. at 46:16-24.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there are no genuinely disputed issues of material fact and, viewing the record in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law.  See Boling v. Romer, 101 F.3d 1336, 1338 (10th Cir. 1996).  Once the party moving for summary judgment properly supports its motion, it is incumbent on the non-moving party to respond with some showing of a genuine issue of material fact.  See Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 983 (10th Cir. 1991).

## LEGAL BACKGROUND

### I.    FEDERAL LAW

The Federal Communications Commission ("FCC") regulates amateur radio.  In 1985, the FCC issued a ruling, known as "PRB-1," which held that the federal government has a compelling interest in promoting amateur radio activities, and announced a limited preemption of state and local regulation of antenna towers.  See 50 Fed. Reg. 38,813 (1985); 101 FCC.2d 952 (1985)(codified at 47 C.F.R. § 97.15).  Specifically, § 97.15 states that state and local authorities must "reasonably accommodate" ham radio operation and any regulation of antennas must constitute the "minimum practicable regulation" to accomplish the state or local authority's legitimate purpose.  Id.  See Evans v. Board of County Comm'rs of Boulder County, Colorado, 994 F.2d 755, 760 (10th Cir. 1993).

The FCC has since revisited the issue and issued another order, called "RM-8763."  (Available at http://wireless.fcc.gov/services/amateur/prb/prb1999.html).  RM-8763 rejected any balancing test between local and federal interests: the FCC had already performed such balancing and chose the

limited preemption it announced in PRB-1. See Order RM-8763. See Evans v. Board of County Comm'rs of Boulder County, Colorado, 994 F.2d at 762 (finding that a balancing test "under represents" the federal interest). The FCC reaffirmed that ham radio operations should be subject only to "the very least regulation necessary for the welfare of the community." Order RM-8763.

## II.    STATE LAW

Effective July 1, 2002, the Legislature by statute limited counties' ability to regulate amateur radio antennas to establishing "screening, setback and placement, construction and health and safety standards." NMSA 1978, § 5-12-1 (2002). Thus, Bernalillo County, under this New Mexico statute, arguably has no authority to impose additional requirements and cannot require re-zoning.

In another ham radio case, the New Mexico Court of Appeals has recently confirmed that the County cannot require ham radio operators to change zoning or obtain a special use permit. See Smith v. Board of Cty Comm'rs, County of Bernalillo, 82 P.3d 547, 552, 2004-NMCA-004, ¶¶ 15-16 (cert granted Dec. 19, 2003). The Court of Appeals reviewed Bernalillo County's contentions and found that the County erroneously interpreted its ordinances. The Court of Appeals stated that an amateur radio antenna tower is a permissive use in a residential zone. See id.

## LEGAL ANALYSIS

Because of the unusual posture of this case at this stage of proceedings, Naumburg's lawsuit and motion come before the Court both too late and too early. If the Court were to reach the merits of Naumburg's claims, this case might require the Court to apply FCC regulations, see 47 C.F.R. § 97.15, and a New Mexico statute, see NMSA 1978, § 5-12-1 (2002). The New Mexico statute and FCC regulations limit local zoning authority over ham radio antenna towers. However, the County's new ordinance renders Naumburg's motion for summary judgment and request for declaratory relief

about the old ordinance moot or as serving no useful purpose. Because Naumburg has not yet attempted to obtain a permit under the new ordinance, any claims with respect to that ordinance are not ripe for adjudication.

I.   **NAUMBURG'S CLAIMS WITH RESPECT TO THE OLD ORDINANCE ARE MOOT.**

The Supreme Court has repeatedly grounded the mootness doctrine in Article III's case or controversy requirement. See, e.g., Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3 (1964). The mootness barrier to constitutional adjudication is related to the problems of standing and advisory opinions. See G. Gunther, Constitutional Law at 1653 (10th ed. 1980). The mootness cases, however, involve litigants who clearly had standing to sue at the outset of the litigation; the problems arise from events occurring after the lawsuit is under way -- changes in the facts or in the law -- which may deprive the litigant of the necessary stake in the outcome. See id. The mootness doctrine requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)(citation and internal quotation marks omitted).

In this case, the County did not consider the merits of Naumburg's application, but asserted a legal reason for refusing to accept the application. In his motion for summary judgment, Naumburg seeks a declaratory judgment that: (i) the County's construction of the old zoning ordinance was unlawful; and (ii) an amateur radio antenna is and should be deemed a permissive use in any zone where residential use is permitted. At oral argument, Naumburg conceded that the question whether amateur radio antenna are a permissive use of residential property is moot in light of the County's

new ordinance. See Transcript of Motion Proceedings at 7:20-24 (February 9, 2004).[2]

Naumburg does not dispute that the enactment of the new ordinance renders one of the two declarations that he originally sought moot. Naumburg maintains, however, that, because there is a threat of criminal prosecution for erecting his tower without a permit, the lawfulness of the County's construction of the old ordinance is still at issue. The County has represented to the Court that it does not intend to reinitiate criminal prosecution against Naumburg under the old ordinance. See id. at 40:22 to 42:7. Future prosecution, if any, would arise under the new ordinance. See id. If no threat of prosecution under the old ordinance remains, no useful purpose would be served by having a federal court decide the lawfulness of the County's construction of the old ordinance.

Despite the constitutional basis of the mootness doctrine, the Supreme Court has frequently relaxed the mootness barrier and has found a number of exceptions to it. The goal is to apply it in a principled manner and not erratically. This court need not, however, make the decision whether Article III's case or controversy requirement, or one of the exceptions to the mootness doctrine applies. Congress has authorized courts to decline relief even if a judgment would be permitted under Article III.

The federal statute says that "in a case of actual controversy within its jurisdiction" a federal court "may" give a declaratory judgment. 28 U.S.C. § 2201(a). The federal courts pose the issue of discretion as one of determining whether a declaration will serve a "useful purpose." See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful

---

[2] The Court's citations to the transcript refer to the Court Reporter's original, unedited version. Any finalized transcript may have slightly different page and/or line numbers.

purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."); United States v. City of Las Cruces, 289 F.3d 1170, 1183 (10th Cir. 2002).  Among the factors bearing on this issue are whether a declaration would terminate the uncertainty or controversy giving rise to the proceeding; the convenience of the parties; the public interest in a settlement; and the availability and relative convenience of other remedies.  See G. Gunther, supra, at 133.

   Here, deciding whether the County's construction of the old ordinance was lawful would not terminate the uncertainty of how the County intends to interpret and to apply the new ordinance.  As can be seen from Naumburg's request for an injunction, a construction of the old ordinance will not terminate the controversy between the parties.  While the Court, in deciding the lawfulness of the old statute, might say something that would help the parties in the dispute on the new ordinance, that is not certain or even predictable.  While Naumburg wants a construction of the old ordinance, the County does not, so rendering a decision on the old ordinance will not clearly be convenient to either party.  Furthermore, the public interest in settling the lawfulness of the County's construction of the old ordinance seems minimal, if not non-existent.  The people interested in that question appear discrete.  Finally, Naumburg seeks an injunction against enforcement of the new ordinance, so there may be other remedies, at the right time, that are more appropriate.

   Accordingly, Naumburg's request for declaratory judgment about an ordinance that the County has modified and amended would serve no useful purpose.  The Court should not decide local, state, federal, and perhaps constitutional issues about an ordinance that no longer exists.  See, e.g., City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. at 294 ("Finally, and of greater importance, is this Court's policy of avoiding the unnecessary adjudication of federal constitutional questions.  As

we recently have noted . . . this self-imposed limitation on the exercise of this Court's jurisdiction has an importance to the institution that transcends the significance of particular controversies."). The Court will deny Naumburg's motion for summary judgment with respect to the lawfulness of the County's interpretation of the old ordinance. The Court will grant the County's motion for summary judgment with respect to the old ordinance and dismiss those claims with prejudice.

## II.  TO THE EXTENT NAUMBURG IS CHALLENGING THE NEW ORDINANCE, HIS CLAIMS ARE NOT RIPE.

It is important to emphasize what the Court does not decide in this order. While the County argues that its new ordinance reasonably accommodates amateur radio operations, and Naumburg argues that it does not, the Court need not decide that issue in this case. Sometimes a dispute is not sufficiently real, well developed, or specific to elicit adjudication. See G. Gunther, supra at 1655. Concerns about concrete records and premature intervention surface repeatedly in federal court cases. See id. Those concerns are central to the problem of ripeness. See id.

The question is how ripe a controversy must be to present appropriate circumstances for the exercise of federal power. See id. Federal courts will not render advisory opinions on legal questions even though private citizens or public officials have intense curiosity about the answer. See id. at 1655-56. This problem arises most characteristically with requests for anticipating relief -- where plaintiffs, for example, seek a ruling on the legality of an action that they fear may be taken against them rather than waiting to raise the issues as defendants in enforcement proceedings. See id. at 1656.

It is in these actions for anticipating relief that the problems of contingencies and uncertainties as to the facts are most prominent. See id. In actions for declaratory relief, courts are most reluctant

-9-

to intervene and may be most anxious to have the most clearly defined record to assure informed and narrow adjudication. See id. The relationship between the parties is typically still in flux and developing. See id.

The contingencies may affect both sides of the lawsuit, but here, it is particularly the case that is not possible to say what specific actions the County may or may not take against the Plaintiff. The record in this case, to the extent there is one, consists in part of predictions or fears about the probable conduct of both parties. The County's predicted or feared behavior turns on contingencies and requires guesses about the future. Naumburg primarily fears that the County will not follow state law. These uncertainties give rise to a ripeness problem.

As the preceding discussion about mootness has already indicated, the Supreme Court frequently speaks of the need for a concrete controversy, for a sufficiently nonhypothetical, nonabstract, ripe dispute between truly adverse parties. In United Public Workers v. Mitchell, 330 U.S. 75, (1947), several employees challenged the Hatch Act, which prohibits federal employees in the executive branch from taking any active part in political campaigns; seeking to restrain the Civil Services from enforcing the Hatch Act and seeking a declaratory judgment. The Supreme Court of the United States found most claims nonjusticiable. The Court said most of the plaintiffs were seeking advisory opinions and the fact that their personal interests were involved did not make a justiciable case or controversy. "A hypothetical threat is not enough." Id. at 90. In a number of cases, the Supreme Court's determinations have also turned on considerations of "hardship to the parties" and "fitness of the issues." See Abbott Labs v. Gardner, 387 U.S. 136, 149 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977).

Naumburg has asked this Court to issue an injunction compelling the County to limit its

consideration of Naumburg's application to the factors specified in the New Mexico statute. Even assuming however, that a federal court can or should issue an injunction against a county to obey state law, that issue is not ripe for adjudication. The County has not yet had the opportunity to apply the new ordinance to Naumburg. Accordingly, the Court cannot say whether the County will apply factors different from those in the New Mexico statute. There is no live controversy for the Court to decide.

Here, the dispute between the County and Naumburg is not yet fully born, and the dispute is not as fully developed as it could be. The two parties should confront each other, through lawyers, or otherwise, to see if there is a dispute about the new ordinance before coming to the Court for an adjudication.

Naumburg suggests that the County's past behavior is an indication of bad faith. See Transcript at 20:4-16. Naumburg suggests that the Court should assume the County will continue to act in bad faith and therefore there is a live controversy. Under Smith, the County may have been wrong to require Naumburg to re-zone his property without considering the merits of his application. There is no evidence before the Court, however, to indicate that the County will not reasonably accommodate Naumburg's radio operations in the new permitting process.

To the extent hardship to the parties affects ripeness, the Court also does not believe that its decision that the dispute is not ripe works on a hardship on Naumburg. The County is not prosecuting Naumburg under the new ordinance. He has built his tower; the hardship of delaying relief to Naumburg is presently so minimal as to make pre-enforcement adjudication inappropriate. In contrast, there could be a hardship to the County and to the public interest from early adjudication by the federal court. The County's decision regarding Naumburg's application under the new

ordinance will make the issues more fit for determination.

Under the circumstances, the Court will not enter an injunction requiring the County to limit its consideration of Naumburg's application to the factors contained in the New Mexico statute. There is nothing for the Court to enjoin, because the County has not acted under the new ordinance and will no longer apply the old ordinance. The Court does not believe that an injunction ordering the County to follow state law would be appropriate when the County has not yet had an opportunity to apply state law. The County will have the opportunity to consider Naumburg's application in the context of all governing law. If Naumburg feels that the County applies that law incorrectly, he may bring a new action to address that concern.[3]

**IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment is denied, and the Defendant's Motion for Summary Judgement is granted in part and denied in part. Judgment will be entered in favor of the Defendant, County of Bernalillo, and against the Plaintiff, Peter Naumburg. All claims and causes of action under the old ordinance are dismissed with prejudice. Any claims under the new ordinance are not yet ripe, and thus are dismissed without prejudice.[4]

---

[3] Under the circumstances, the Court declines Naumburg's invitation to exercise a supervisory role over the County's regulation of ham antennae in Bernalillo County. See Transcript at 25:14-18.

[4] The Defendant requests attorney's fees and costs, but provides no basis for such an award. Under the American rule, fees and costs are not shifted unless some rule or statute creates an exception. The Defendant points to no exception, and none appears available. Accordingly, that portion of the Defendant's motion for summary judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Mark M. Rhodes
Hazen H. Hammel
Rhodes & Salmon, P.C.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*


Jonlyn M. Martinez
Slease & Martinez, P.A.
Albuquerque, New Mexico

 *Attorney for the Defendant*